Ivan BOYER, Plaintiff–Appellee,

v.

CITY OF SANTA ANA, Defendant,

and

Antonio Romero, Officer; Ron Grace, Sergeant; Brent Mosbrook, Defendants–Appellants.

No. 04–56502.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 13, 2006.

Filed Jan. 9, 2007.

Milton C. Grimes, Esq., Los Angeles, CA, Bernadine T. Tsung–Megason, Esq., Pasadena, CA, for Plaintiff–Appellee.

City Attorney's Office, Santa Ana, CA, Denah H. Hoard, Esq., for Defendants–Appellants.

Before: PREGERSON, HALL, and HAWKINS, Circuit Judges.

## MEMORANDUM *

Appellant officers appeal the district court's denial of their motion for qualified immunity. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We agree with the district court that the officers may have possessed reasonable suspicion to detain Boyer initially, *see United States v. Sokolow,* 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989), and were reasonably justified in handcuffing him and detaining him in the patrol car, *see United States v. Ricardo D.,* 912 F.2d 337, 340 (9th Cir.1990).

We also conclude that the officers' continuing detention of Boyer violated Boyer's constitutional rights. *See Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Specifically, the jury could have found the officers had detained Boyer beyond the time necessary to confirm or dispel the officers' suspicions. *See Florida v. Royer,* 460 U.S. 491, 500, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). Moreover, the constitutional violation was clearly established because *Royer's* application is apparent when we construe the evidence in Boyer's favor. *See Hope v. Pelzer,* 536 U.S. 730, 741, 122 S.Ct. 2508, 153 L.Ed.2d

666 (2002). Thus, the district court properly rejected the officers' claim of qualified immunity.

## AFFIRMED.

Judge HALL dissenting.

The dispositive issue in this case is whether Boyer's rights were "clearly established" under *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Because any violation that occurred here would not have been clear to an objectively reasonable officer, *see Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987), I dissent and would reverse the district court's denial of judgment as a matter of law on the issue of qualified immunity.

Broad Fourth Amendment dictates do not clearly establish rights for the purposes of qualified immunity analysis; rather, "the legal rule in question must be defined in a more specific manner." *Alexander v. County of Los Angeles,* 64 F.3d 1315, 1319 (9th Cir.1995); *see also Katz,* 533 U.S. at 201, 121 S.Ct. 2151 ("This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition."); *Anderson,* 483 U.S. at 639, 107 S.Ct. 3034 ("The operation of this standard ... depends substantially upon the level of generality at which the relevant 'legal rule' is to be identified."). The majority highlights the general rule that "an investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop" and that the officer must use "the least intrusive means reasonably available to verify or dispel [his] suspicion in a short period of time." *Florida v. Royer,* 460 U.S. 491, 500, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Royer, which the majority cites for the applicable legal rule, involved an interrogation and search of a passenger's bags at the airport. The narcotics officers in that case brought Royer to a separate interrogation room and searched his luggage, which they had retrieved without his consent. The Court held that the continuing detention constituted an arrest that was not justified by probable cause. *Id.* at 503, 103 S.Ct. 1319.

While *Royer* states a generally applicable rule about the legality of certain detentions, the Court acknowledged that, even within the category of airport cases, "there will be endless variations in the facts and circumstances, so much variation that it is unlikely that the courts can reduce to a sentence or a paragraph a rule that will provide unarguable answers to the question whether there has been an unreasonable search or seizure in violation of the Fourth Amendment." *Id.* at 506–07, 103 S.Ct. 1319. *Royer* provides general guidance to officers but does not provide clearly established law governing this case, which has nothing to do with airports, drugs or searches of bags.

In this circuit, in cases that more closely resemble Boyer's, we have held that detentions of 45 minutes can be objectively reasonable when the police need the time to confirm the identity of the detained suspect. *See, e.g., Gallegos v. City of Los Angeles,* 308 F.3d 987, 992 (9th Cir.2002) (burglary suspect detained for 45 minutes to an hour); *Alexander,* 64 F.3d 1315, 1318 (9th Cir.1995) (armed robbery suspect detained for 45 minutes). Here, the suspected crime and the detention itself were of a lesser degree: Boyer was suspected of "casing" several stores, and even by the account of the facts most favorable to him,

he was detained for 25 minutes by the police officers.

The question presented is whether "the officers engaged in wrongful conduct that a reasonable officer would have known was unlawful in light of clearly established law," not whether any violation of rights occurred at all. *See Price v. Kramer,* 200 F.3d 1237, 1244 (9th Cir.2000). Because I do not agree that a jury could find such a violation here, I respectfully dissent.